IN THE SUPREME COURT OF THE STATE OF MONTANA

FILED

AUG 1 3 2001

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

In re                       )

                            )

ARTHUR M. GOROV,       )    O R D E R

                            )

       Petitioner.          )

The Rules for Admission to the Bar of the State of Montana require that all applicants to the Bar must successfully complete the Montana Bar Examination. The Rules also contain a provision, at Section VIIA, that the Court may waive any requirement under the Rules under circumstances it deems sufficient.

Arthur M. Gorov, an attorney licensed in the State of Illinois and by several other courts, has petitioned the Court for admission to the practice of law in the State of Montana by waiver of the bar examination requirement. Gorov is 69 years old, and plans to move to Montana. He has been engaged in the practice of law in the State of Illinois since graduating from DePaul University College of Law in 1954. He has held a number of supervisory positions in the Illinois court system, and was awarded the Tradition of Excellence Award by the Illinois State Bar Association in 1999 in recognition of his efforts on behalf of patients in need of medical treatment. Gorov has never been the subject of any disciplinary action in the State of Illinois. He intends to practice part time in Montana, primarily on a pro bono basis, or to engage in teaching.

The Court finds that Gorov's long and successful legal career, and the prospect of his continued public service within Montana, warrant waiver of Rule IIIC of the Montana Rules of Admission requiring applicants to successfully complete the Montana Bar Examination.

IT IS HEREBY ORDERED that the request of Arthur M. Gorov for waiver of Rule IIIC of the Montana Rules of Admission is hereby GRANTED. Gorov shall comply with all other requirements for admission to the State Bar of Montana.

1

The Clerk is directed to mail true copies of this Order to Arthur M. Gorov and to Jan Weber at the State Bar of Montana.

DATED this 13Th day of August, 2001.

Chief Justice

Justices

2

Justice James C. Nelson dissents.

I do not agree with our order. There is no question that Mr. Gorov is a well-respected, well-qualified attorney, and my disagreement here is not meant to denigrate his credentials in any way whatsoever.

That said, we ostensibly adopted the rule requiring the successful completion of the Montana Bar Exam by those wishing to practice law in Montana for the reason that we wanted to make sure that attorneys who will represent persons before the courts of this State possess a good understanding and familiarity with Montana law and jurisprudence. We believed--or so I thought--that attorneys practicing in this State should have at least as good an understanding of Montana law as the graduates of Montana's School of Law--all of whom are required to, nevertheless, pass the Montana Bar Exam before being admitted to practice in this State.

In fact, our adoption of the non-reciprocity rule was very controversial and those members of the Bar who opposed it pointed out that the rule would likely have the effect of denying admission to the Bar of otherwise well-qualified attorneys from other states. We were accused of protectionism and parochialism. Nonetheless, taking the higher ground of wanting to insure the integrity and quality of the practicing bar in Montana, we went ahead and adopted the non-reciprocity rule in the face of substantial criticism.

As to Mr. Gorov, he does not need to be a member of the State Bar of Montana to teach. On the other hand, while representing persons *pro bono* is, obviously, a commendable--not to mention, much needed--public service, poor people are as much entitled to representation by attorneys competent in the intricacies of Montana law and jurisprudence as those persons who can hire counsel.

I can see no legitimate reason for waiving the bar exam requirement in this case given our rationale for adopting the non-reciprocity rule in the first place. What I do see is that we have now established a precedent that will require all well-qualified, well-respected attorneys from other states to be admitted to practice in this State without the necessity of successfully

3

passing the Montana Bar Exam. In fact, I can also foresee one of these attorneys who is denied admission having an arguable equal protection claim against this Court.

In any event, so much for the higher ground. It appears that the detractors of the non-reciprocity rule were right all along.

I dissent.

_____
Justice

Chief Justice Karla M. Gray and Justice W. William Leaphart join in the foregoing dissent.

_____
Chief Justice

_____
Justice

4